## BRASWELL SAND & GRAVEL CO. v. CITY OF MINDEN.
### No. 5010.

Court of Appeal of Louisiana.
Second Circuit.
March 8, 1935.

Watkins & Watkins, of Minden, for plaintiff appellant.

Drew & Richardson, of Minden, for defendant appellee.

MILLS, Judge.

Plaintiff demands of the city of Minden the sum of $344.39, balance due on a quantity of gravel sold, delivered to, and used by the city in improving its streets. The receipt and use of the gravel is not disputed, the only issue being the authority of the officials contracting for the city and the basis of payment. The written contract, signed on behalf of the city by A. S. Hughes, chairman of the street department, and W. S. Drew, city engineer, reads in part as follows:

"Remix gravel @ 85¢ per yd. 2700 lbs. per yd.

"Wash gravel @ $1.25 per yd. 2700 lbs. per yd."

At the outset, the gravel was measured on delivery by weight, 2,700 pounds constituting a yard. Because of lack of weighing facilities and deficiency in volume, it was agreed that the measurement should be by the cubic yard and not weight. The city's trucks were gauged and marked so that the measurement could easily be made. The difficulty in this case arises from the fact that remix and wash gravels are heavier than the usual grade, a full cubic yard of either weighing considerably more than 2,700 pounds. Therefore, when the trucks delivered a cubic yard of these grades, the city received more than 2,700 pounds of gravel. It is for this excess in weight that the city refuses to pay. This change in measurement and charge was understood by the city officials in office at the time of delivery and presentment of the bill. A bill of date June 29, 1934, showing the balance due and exactly what it was for, was approved in writing by J. Ronald Murph, Connell Fort, mayor, and member and secretary

of the board of aldermen, who indorsed upon it the following:

"Mr. Gray:—Please make out a check to Mr. Braswell for this account as we have checked his account and find same correct."

The account would have been paid, but for the fact that, before the check was issued and signed, owing to the hazard of politics, there was a change of the city administration. The new officers, not understanding that they were paying for gravel the same price per pound under the new arrangement as under the old, refused to honor the bill. H. L. Bridges, the new mayor, called by plaintiff on cross-examination, frankly acknowledges that the city has used the gravel and desires to pay what it justly owes for it. He testifies that the new council has passed a resolution decreeing that it be paid for, according to the contract. This is necessarily a ratification of the agreement and disposes of the contention of want of authority advanced by counsel for defendant.

The contract is in writing and calls for a yard of 2,700 pounds. A competitor testifies that this price is so low that he refused an offer from the city of a share in it. The contract, and the conduct of the parties under it until the change, shows that a measurement by weight was contemplated. On that basis the amount sued for is due under the contract. The city is asked to pay no more per pound than the contract calls for. Therefore, under its resolution, no issue remains.

The judgment appealed from allowing the plaintiff the sum of $144.42 is amended by increasing that amount to $344.39, and as amended, is affirmed.

DREW, J., recused.